1
2
3
4
5
6            IN THE UNITED STATES DISTRICT COURT

7            FOR THE NORTHERN DISTRICT OF CALIFORNIA

8

9  JARRITOS, INC.,

10          Plaintiff,                        No. C 05-02380 JSW

11     v.

12  LOS JARRITOS, et al.,                     **ORDER GRANTING**
                                              **DEFENDANTS' MOTION FOR**
13          Defendants.                       **LEAVE TO AMEND**
14  _____/

15          Now before the Court is the motion by defendants Los Jarritos, Dolores Reyes dba Los

16  Jarritos ("Reyes"), and Francisco Reyes (collectively, "Defendants") to for leave to amend their

17  answer to add two new affirmative defenses and two new counterclaims.  The motion for leave

18  to amend is now fully briefed and ripe for decision.[1]  The Court finds that this matter is

19  appropriate for disposition without oral argument and the matter is deemed submitted.  *See* N.D.

20  Civ. L.R. 7-1(b).  Accordingly, the hearing set for September 22, 2006 is VACATED.  Having

21  carefully reviewed the parties' papers, considered their arguments and the relevant legal

22  authority, the Court hereby GRANTS Defendants' motion for leave to amend.

23          Federal Rule of Civil Procedure 15(a) permits a party to amend its pleading once as a

24  matter of right at any time before a responsive pleading is served.  Once a responsive pleading

25  has been served, however, amendment requires written consent of the adverse party or leave of

26  the court.  In accordance with the Rule 15(a)'s liberal pleading standard, leave of the court

27
28

_____

[1]  On September 10, 2006, Plaintiff filed a request to file a sur-reply.  The Court
DENIES Plaintiff's request.

**United States District Court**

For the Northern District of California

"shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a).  Though the decision to grant or deny a motion for leave to amend is governed by the district court's discretion, the general rule is that amendment of the pleadings is to be permitted unless the opposing party makes a showing of bad faith, undue delay, prejudice to the opposing side, and futility of amendment.  *See Forman v. Davis*, 371 U.S. 178, 230 (1962); *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999).

First, Defendants argue that their proposed amendments are based in part on documents they recently received from Plaintiff regarding the ownership and registration of the trademarks at issue.  Moreover, the parties stipulated to, and the Court agreed, to extend the deadline to file any motion to amend until July 14, 2006.  (Docket No. 39.)  Defendants filed their motion to amend within this deadline.  Therefore, there is no evidence of undue delay in moving to amend.

Second, there is no evidence of bad faith.

Third, there is no evidence of prejudice to Defendants in this matter.  To the extent Plaintiff wants an opportunity to conduct discovery, the Court hereby extends the discovery cut-off for 90 days from the date of this Order for the limited purpose of conducting discovery on the new affirmative defenses and counterclaims.

Lastly, Defendants argue that the amendment is futile.  Leave to amend is properly denied where the amendment would be futile.  *DeSoto v. Yellow Freight Sys., Inc.,* 957 F.2d 655, 658 (9th Cir. 1992).  Plaintiff argues that there are documents which prove that it owns the trademarks at issue and that the registrations are now incontestible.  Even if it were proper for the Court to evaluate extrinsic evidence in determining whether leave to amend should be granted, Plaintiff did not submit the documents upon which it relies to the Court.  Therefore, the Court cannot determine whether Plaintiff's arguments are well supported.  Moreover, Plaintiff's arguments are based on underlying facts and thus, are better resolved on a motion for summary judgment or trial, rather than at the pleading stage.  Therefore, the Court declines to find at this procedural stage that Defendants' proposed amendments are futile.

Plaintiff having failed to demonstrate bad faith, undue delay, prejudice or futility of amendment, the Court exercises its discretion and grants Defendants' motion for leave to amend

United States District Court

For the Northern District of California

2

their answer to add the proposed two affirmative defenses and counterclaims.  Defendants shall

file and serve the amended answer and counterclaims within 10 days of this Order.  Plaintiff

shall answer or otherwise respond within 20 days of service of the amended answer and

counterclaims.

**IT IS SO ORDERED.**

Dated:   September 19, 2006

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

**United States District Court**

For the Northern District of California

3