UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JARRITOS, INC., | No. C-05-2380 JSW (EMC) |
| Plaintiff, | |
| v. | **ORDER RE JOINT LETTER RE NOTICE OF DEPOSITION OF DEFENDANTS** |
| LOS JARRITOS, *et al.*, | |
| Defendants. | **(Docket No. 109)** |
| _____/ | |

On December 19, 2006, the parties filed a joint letter regarding the appropriateness of a 30(b)(6) deposition notice served on Defendant Los Jarritos. The crux of the dispute is whether Los Jarritos is a partnership amenable to such a deposition or a sole proprietorship which is not. Plaintiff Jarritos, Inc. argues the former; Los Jarritos the latter.

As a preliminary matter, the Court notes that Jarritos has had ample opportunity to develop evidence establishing that Los Jarritos is a partnership. Since July 2005, when the answer was filed, Jarritos has been on notice that Los Jarritos claims to be a sole proprietorship. However, the only evidence that Jarritos has submitted to support its claim that Los Jarritos is a partnership is (1) a letter from Wilson Sonsini referring to Mr. and Mrs. Reyes, (2) the testimony of Francisco Reyes that he is not aware of property owned by Mrs. Reyes as separate property, and (3) a permit application which characterizes the owner as a partnership.

The Court finds that the above evidence is insufficient to establish that Los Jarritos is a partnership for purposes of a 30(b)(6) deposition. First, the Wilson Sonsini letter does not say that Los Jarritos is a partnership. It conclusorily refers to Dolores Reyes and Mr. Reyes as operators of

the restaurant. This statement in fact appears to be incorrect. At his deposition, Mr. Reyes indicated that Mrs. Reyes runs the business and that he is not involved. Second, to the extent Mr. Reyes' testimony implies he has joint ownership of the restaurant, that implication is directly contradicted by the testimony of Mrs. Reyes. Jarritos could have challenged Mrs. Reyes on this point, *e.g.*, asking whether there is registration as a partnership with the State, whether she files a partnership tax return for the business, or whether there are other incidences of partnership, but Jarritos failed to do so. Finally, regarding the permit application, Mrs. Reyes explained at her deposition why the partnership box was checked on the form. Moreover, it is telling that this application is the only documentary evidence of partnership that Jarritos offered. Jarritos did not provide to the Court, *e.g.*, any filing with the State indicating that Los Jarritos is in fact a legal partnership.

Based on the above, the Court finds that Jarritos has failed to establish that Los Jarritos is a partnership for purposes of the instant motion, and therefore Jarritos is not entitled to a 30(b)(6) deposition of Los Jarritos. The Court further notes that Jarritos has not demonstrated that it was not able to obtain the information it seeks through a 30(b)(6) deposition through other discovery methods available to it during the discovery period. For example, Jarritos could have posed interrogatories to Los Jarritos/Mrs. Reyes. In addition, it appears that Jarritos has already deposed the persons with knowledge about Los Jarritos, including Reyes' son Vicente Reyes.

The Court has already given the parties an oral ruling regarding the scope of any further deposition of Mrs. Reyes.

This order disposes of Docket No. 109.

IT IS SO ORDERED.

Dated: December 21, 2006

EDWARD M. CHEN
United States Magistrate Judge

2