IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JARRITOS, INC., <br><br> Plaintiff, <br><br> v. <br><br> LOS JARRITOS, et al., <br><br> Defendants. <br> _____ / | No. C 05-02380 JSW <br><br> **NOTICE OF TENTATIVE RULING AND QUESTIONS HEARING** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING **TENTATIVE** RULING AND QUESTIONS FOR THE HEARING SCHEDULED ON MARCH 30, 2007:

The Court **tentatively GRANTS** Defendants' motion for summary judgment and **tentatively GRANTS IN PART and DENIES IN PART** Defendants' motion to strike Plaintiff's experts. The Court has reviewed the parties' memoranda of points and authorities and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, without argument or additional briefing. *Cf.* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority.

Each party will have twenty minutes to address the following questions:

(1) Plaintiff argues that Defendants copied Plaintiff's Jarritos mark on their restaurant sign, including the colors. As evidence, Plaintiff submits a blurry, black and white copy of a photograph purportedly of Defendants' sign. (*See* Declaration of Neil Smith in Support of Plaintiff's Opposition, Ex. A.)

  (a) Plaintiff argues that the Defendants copied the colors of its mark and Defendants contend otherwise. According to Defendants, Plaintiff's logo is in orange and green and the colors on Defendants' sign are yellow and blue. However, as noted above, the only evidence of Defendants' sign is in black and white and there is no evidence in the record regarding Plaintiff's logo. Based on this record, how can the Court compare the marks and determine whether or not they are similar?

  (b) Defendants object to this evidence and contend that the actual photograph "has obviously been edited with an artistic software program." What support, if any, do Defendants have for this accusation?

(2) Attached as Exhibit D to the Supplemental Declaration of Neil Smith in Support of Plaintiff's Opposition are, according to Plaintiff's counsel, true and correct copies of the portions of the deposition transcripts showing the deponents' name and the court reporter certifications for those deposition transcripts cited in Plaintiff's opposition. Do Defendants contend that the excerpts of deposition transcripts submitted by Plaintiff in support of its opposition are not accurate or authentic copies or that the pages submitted in Smith's Supplemental Declaration are not the portions of the transcripts showing the deponents' name and the court reporter certifications for these deposition transcripts? If so, on what basis?

(3) If the Court determines that Plaintiff fails to demonstrate a question of fact regarding likelihood of confusion, what claims other than its dilution claims, if any, does Plaintiff contend would survive summary judgment?

(4) "[F]or a dilution claim to succeed, the mark used by the alleged diluter must be identical, or nearly identical, to the protected mark." *Thane Int'l., Inc. v. Trek Bicyle Corp.*, 305 F.3d 894, 905 (9th Cir. 2002). What exactly does Plaintiff contend is the mark used by Defendants with respect to Plaintiff's dilution claim and where in the record is there evidence of such mark used by Defendants?

(5) On what evidence in the record, if any, does Plaintiff rely to demonstrate that its logo was famous in the United States *before* Defendants opened up the restaurant in 1988?

(6) On what evidence in the record, if any, does Plaintiff rely on to show that Defendants' use presents a likelihood of dilution of the distinctive value of its mark?

(7) Plaintiff contends that the standards for its dilution claim under California law differ from its claim under federal law, but does not cite any supporting authority. What are the elements of a dilution claim under California law? On what authority do the parties rely?

(8) On what basis, if any, do Defendants contend they were prejudiced by the disclosure of the expert report of Kenneth Germain being served two days after the deadline?

(9) Do Defendants dispute that the rebuttal report by Mr. Germain, dated February 1, 2007, is a rebuttal report within the meaning of Federal Rule of Civil Procedure 26(a)(2), *i.e* an opinion offered "solely to contradict or rebut evidence on the same subject matter identified by" Defendants' expert, E. Lynn Perry?

(10) On what date did Plaintiff ask Michelle Valdovinos and Sharmila Fowler to conduct a survey?

(11) Exactly what documents does Plaintiff contend it still needs for Alan Silverman to prepare his expert report on damages? Other than the deposition testimony cited to by Plaintiffs, does Plaintiff have any evidence of an agreement by Defendants to produce additional financial documents? What financial documents are Plaintiff seeking to obtain from MEDA that Plaintiff contends it could not have obtained from Defendants directly?

(12) Do the parties have anything further to add?

**IT IS SO ORDERED.**

Dated: March 29, 2007

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

3