IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JARRITOS, INC.,

    Plaintiff,

  v.

LOS JARRITOS, et al.,

    Defendants.

_____/

No. C 05-02380 JSW

**ORDER GRANTING PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT**

Now before the Court is the motion to alter or amend judgment filed by plaintiff Jarritos, Inc. ("Plaintiff"). Defendants Los Jarritos, Delores Reyes and Francisco Reyes (collectively, "Defendants") filed a statement of non-opposition. The Court finds that this matter is appropriate for disposition without oral argument and it is hereby deemed submitted. *See* Civ. L.R. 7-1(b). Accordingly, the hearing set for June 22, 2007 is HEREBY VACATED. Having carefully considered the parties' arguments and relevant legal authority, the Court hereby grants Plaintiff's motion.

On May 2, 2007, the Court entered judgment after granting Defendants' motion for summary judgment on Plaintiff's claims. The motion, and the order resolving the motion, only addressed Plaintiff's claims and did not resolve Defendants' counter-claims for declaratory relief. Federal Rule of Civil Procedure Rule 54(b) provides in pertinent part:

> When more than one claim is presented in an action, . . . or when multiple parties are involved, the court may direct the entry of final judgment as to one or more but fewer than all of the claims or parties only upon an express

> determination that there is no just reason for delay and upon an express direction for the entry of judgment.

Fed. R. Civ. P. 54(b). Rule 54(b) is permissive; a court may, in its discretion, certify a judgment as "final" in order for a party to obtain an interlocutory appeal. A Rule 54(b) judgment may be entered if an adjudication is a final decision which disposes of an individual claim on the merits and leaves nothing for the court to do but execute the judgment. *See* 28 U.S.C. § 1291; *Digital Equipment Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 866 (1994).

Once the district court has determined that an order is eligible for certification under Rule 54(b) because it finally disposes of a claim for relief, the court must then determine whether there is any just reason for delay in entering the order as a judgment. The decision is discretionary with the district court. *Curtiss-Wright v. General Electric, Co.*, 446 U.S. 1, 10 (1980). The Court's discretion is to be "exercised in light of 'judicial administrative interests as well as the equities involved.'" *Reiter v. Cooper*, 507 U.S. 258, 265 (1993) (quoting *Curtiss-Wright*, 446 U.S. at 8). In reaching a determination, the district court must weigh "the historic federal policy against piecemeal complaints." *Id.*

The Court finds that here, the order granting Defendants' motion for summary judgment is an order that is eligible for certification under Rule 54(b). Moreover, the Court finds that there is no just reason for delay in entering the order as a judgment. Accordingly, the Court GRANTS Plaintiff's motion to alter or amend judgment and will issue an amended judgment in accordance with this Order. The Court further orders that all further proceedings on this action in this Court are stayed pending a final determination of Plaintiff's appeal of the amended judgment.

**IT IS SO ORDERED.**

Dated: June 20, 2007

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE